You call the next piece, please. 312003 to have Randich at all. What am I? The third versus Lockport Township Firefighters Pension Board at all. And Robert Cronin, Applebee's, Melinda Pro Pro Ross and Mr Whitmer. Thank you. Good afternoon. May it please the court and counsel. William Whitmer appearing for Todd Randich at all. The circuit court granted defendants motions to dismiss pursuant to 2615 and 2619 on the ground that what transpired on April 15th, 2010 constituted a final decision subject to administrative review. There was no final decision subject to administrative review applying this court's standards. Did plaintiffs originally allege that it was a final decision? Yes. But the moment they received the transcript of January 27th, 2010, they moved to there was no final decision subject to administrative review. The defendants have contended in their brief that that was not the reason why that that count was dismissed, that it was dismissed because the plaintiffs had failed to serve the proper parties to secure administrative review. That issue was a red herring. The issue is whether what transpired on April 15th constitutes a final decision subject to administrative review. Whether some, all, or none of the potential defendants were served does not change the nature of that decision and whether it meets the legal standard to be a final administrative decision. This court addressed that issue in the stern decision and ruled that where there is no record amenable to judicial review, there is no final decision. In stern, this court noted there was no hearing, no evidence, no findings, hence no record. What do we have before us for the record supporting what transpired on April 15th, 2010? We have a formal hearing convened on January 27th. However, no evidence and no testimony is received on the issue of reentry to fire protection service. In fact, counsel for the pension board advises them, and this is a common law record page 880, that they would be making no conclusion and taking no legal action that day. What happened? Three exhibits were received, and that's at the record 887 to 88. The notice of hearing to Mr. Kronholm, the motion to intervene by counsel for the fire protection district, and his motion for continuance. They were received. Three additional exhibits were marked, but not received. That's at page 880. It was a proposed decision for a position of administrator, a proposed organizational chart, and a proposed fire chief job description. While counsel for the pension board advised them that they needed to make a record to properly fulfill their duty, and that's at page 877, they didn't do it. In fact, they adjourned. And they said they would adjourn, there would be a joint effort to secure a new opinion from the Department of Insurance, which had ruled there hadn't been a reentry based on the information they had. That there would be a joint effort, and upon receipt of that, they would reconvene the hearing, make a record, deliberate, and issue a decision. Never happened. January 27th, the notice to the public was of a meeting and a hearing. April 15th, the only notice is of a hearing. There is a reference to a pensioner's status, but if you look at the agendas, and in the record is the April 15th and July 22nd. Item 8 on each agenda is pensioner's status. It's a regular agenda item. In any event, Mr. Kronholz noted as status at the regular meeting, which is the only meeting that occurred. No evidence, no testimony on reentry. All that happens is their counsel, pension board counsel, tells them that they should accept the recommendation from the Department of Insurance in their March 12, 2010 letter that there had been no reentry. They accept it. No explanation why that letter is binding, but the letter that found reentry wasn't binding. No rationale, nothing explained, just accepting the request. No testimony, no decision. You have the minutes, but you have no findings, no conclusions. That does not meet the standard this court set in Stern for a final decision subject to administrative review. That also, other cases cited in the brief, and I'll just refer them here, support that conclusion. Taylor, Jigelnik, and Kloman. In fact, Kloman characterized what happened there, and it mirrors what happened here as a rubber stamp that doesn't constitute a final decision, because they acted on a resolution from a third party without making any findings. Now, procedurally, procedurally it also fails. Again, the agenda makes no reference to a counsel for the Fire Protection District, who's a party, who was served with notice of hearing. There's no record of a motion to reopen the hearing being made. There's no decision prepared and served on anyone, and that's crucial because, as we know, under the administrative review law, the 35-day clock doesn't start to run until you're served with the decision. No one is served. The fact that no one is served is demonstrated by the argument put forth by the pension board that, well, Mr. Cronholm was present. Being present is not service. Procedurally, this was defective. Substantively, it was defective. There's no record for any court to review meaningfully and determine whether the proper decision was reached. Therefore, under Sturm, Taylor, Jigelnik, and Kloman, there's no final decision subject to administrative review, either substantively or procedurally, which brings us to declaratory judgment. The primary contention of both appellees is that the administrative review law is the exclusive remedy. Therefore, plaintiffs cannot bring a declaratory judgment. Their secondary argument is there was a final decision. Therefore, there's no actual controversy between the parties. Again, as I've just demonstrated and as is demonstrated in the briefs, those contentions have been eliminated because there is no final decision meeting this court's test set forth in Sturm. This case also presents another issue that this same manner here, and that's the Brandt decision. In Brandt, this court found that an administrative body had placed an issue beyond ever being resolved. That's precisely what's happened here. The board convened a formal hearing, never reconvened it, and what they did does not meet the standards set by the appellate courts in this state, including this court, for a final decision subject to administrative review because there's no evidence, there's no testimony, there's no findings, there's no conclusions, nor was there any notice of hearing, nor was the decision ever served. So there's no final decision. That places the issue of whether Mr. Kronholm reentered fire protection service so as to be that issue will never be subject to resolution, and it's a statutory violation. Clear. Statute says that upon reentry, pension payments shall be suspended. We have alleged that Mr. Kronholm has reentered, and I will get to the allegations in a second, but in Brandt, you said that where an administrative body has placed an issue beyond legal review, foreclosed all access to the courts unless the declaratory judgment can go forward, the declaratory judgment goes forward. Now, there's also a contract analogy in Brandt that I believe is applicable here. We know the potential amounts involved. Those are the benefits that have been paid since November 1. We don't know whether or not Mr. Kronholm reentered fire protection service so as to disqualify him from receiving pension payments. If we resolve the issue of reentry, we know the consequences of the pension board's failure to act, just as in Brandt, with a contract analogy. You know the consequences of whether or not there's been a breach. And Brandt itself involved the 2615 motion. The court is well aware of the standard in dealing with 2615 and 2619 motions. We are entitled to having our case and allegations viewed in the light most favorable, and dismissal is upheld only if we can prove those set of facts. And that's what this is. This is a 2619, 2615 motion. Can we prove set of facts? Absolutely. The other arguments made by the pension board are ignore the findings of the Illinois Municipal Retirement Fund. They have no bearing on this pension fund. We're not suggesting they have a bearing. What we're suggesting is this, that you're not eligible for the IMRF to be covered by it if you're performing fire protection duties for an entity that has a Title IV pension fund. That's not. They conducted an evidentiary hearing at which Mr. Kronholm testified, was represented by counsel, who submitted written arguments on his behalf. And they concluded that both his chief administrator and administrator, the new title that was adopted in January of 2010, both, he was ineligible under the IMRF. Now, is that binding? No. But does that establish, is that an exhibit which supports our contention that there was reentry? Absolutely. Are we entitled to an inference that we can prove a set of facts that there was reentry? Absolutely. Because an administrative agency reached the final decision, not appealed from, reached the final decision that he was ineligible from 2009 forward. We're entitled to the benefit of the inference that we can prove that, or that we have alleged sufficient facts to beat back a 2615, 2619 motion. The other arguments that are made is Mr. Kronholm filed an affidavit that's unrebutted, therefore it has to be upheld. Well, on its face, the affidavit is false. Mr. Kronholm alleges that from November 1 in his affidavit, that from November 1, 2009, he was the administrator. That's false. From November 1, 2009 to January 27, 2010, he was the chief administrator, a position that both the IRMF and the DOI found were performing fire protection duties. Secondly, the affidavit says, again, he didn't perform fire protection duties. IRMF, after listening to him testify, after he wrote that affidavit, said, oh no, you are performing fire protection duties. DOI, they also argue, well, the DOI's March 12th letter says he hasn't reentered under this new title, therefore there's no issue. Well, the fact of the matter is the last sentence of the DOI's March 12th letter says, if any facts have been omitted, this opinion's inapplicable. I submit to you that a fully litigated evidentiary hearing discloses all the facts. None are omitted. When you're represented by counsel, all the facts of what he does are out. They were out, and the conclusion was he was performing fire protection duties. We have stated a cause of action under the 2615-2619 standards. The circuit court's decision should be reversed, and the case remanded for further action consistent with the complaint. Thank you. Ms. Colross? May it please the Court, Counsel Melinda Colross, on behalf of the Defendant Pension Board and its individual members. Your Honors, I applaud the creativity that's been displayed both in the case of the plaintiff and the plaintiff's client in trying to avoid application of the Administrative Review Law and its requirements. Clearly, there's been no assertion, either in the briefs or today, that the necessary defendants were joined to that action as required under the Administrative Review Law, and therefore plaintiffs have lost their ability to challenge the The Sturm case that's been referred to repeatedly here today was a notice of impoundment of horses for inhumane treatment, and this Court found that a notice sent to the horses' owners about impoundment for inhumane treatment did not qualify as a final administrative decision. I submit to your Honors that that case is quite far removed from the factual circumstances that we have before us today. Cases that are on point involving the type of decision at issue here are the Sola case and the Fields case that are discussed in our brief. These cases involved applications for benefits before administrative agencies charged with making those decisions, and those cases state that what you must have in order to have a final administrative decision are as follows. An application for benefits, here we had that Mr. Kronholm applied for his pension benefits. We have to have a definitive action by the Administrative Board. Here at the April 15th hearing and meeting of the Board, as described and recorded in its minutes, the Board made two findings. Number one, there was no re-entry into active service, and number two, no recoupment of benefits paid in the interim period between November and April would be sought. Now, a plaintiff might be correct that those decisions were erroneous. Certainly, it's his right and their position to argue that, but that doesn't mean that there wasn't a final administrative decision rendered, and that's really what's at the heart of this case. The plaintiffs had the opportunity to pursue administrative review. All they needed to do was file a complaint within the 35-day period, which in fact they did, recognizing the requirement that they seek administrative review. Where they failed was in joining the necessary parties defendant. For some reason, unexplained in the briefs and unexplained today, they failed to name Mr. Kronholm, they failed to name the district, and they failed to name the individual Board members until the time period for doing so had elapsed. That's the reason for the creative arguments that have now been expressed, and I'll just go through some of them. There's been all this talk about a hearing being required and proper notice of a hearing. There is no requirement that you must have a hearing in order to have a final administrative decision. No requirement whatsoever. There's argument in the briefs about a court reporter being required. There's no requirement under Illinois law that you must have a court reporter present. Formal motions to reopen. Plaintiffs are arguing that the fact that this issue was discussed and voted on by a formal vote process, a formal motion and a formal roll call and a formal vote, that somehow that isn't sufficient. They're wrong. That is sufficient. Service of decision. That's also not required. Plaintiffs are making the argument that Mr. Kronholm, who sat in attendance both at the January hearing and at the April meeting, who was advised, who listened to the vote, where the board, the pension board ruled, there's been no reentry into active service and we will not seek recoupment of the intervening benefits paid, that somehow that was insufficient. That he's not been notified. That a formal letter, something typed up, had to be served on him. I submit to your honors that that's really straining the bounds of credibility here. He was in attendance. The case law says, decision must be communicated to the party seeking benefits. Well, it was Mr. Kronholm who was seeking benefits and the decision was certainly communicated to him as he sat there and listened to the vote, where again, the board affirmatively stated, there's been no entry and there will be no recoupment of benefits paid sought. The other point that I'd like to discuss in my limited time is the issue about somehow this is a rubber stamp approval process. That is not so. When one reviews the January hearing transcript, there was lengthy discussion on the record, fully transcribed, about this entire process and the events leading up to it. There was discussion of the original Department of Insurance opinion that was sought based upon the original job description presented to them. There was discussion of the Department of Insurance initial opinion which said this would qualify as a reentry into active service and the Department of Insurance specified some of the issues, why it felt there would be a reentry under these circumstances. Then there was a discussion of how the district, the fire district, was going to change the job, change the description, hire a new fire chief, realign the organizational chart, remove any even arguably fire protection duties so that there would be no reentry into active service. There was a discussion that the board and the district would submit the new job description to the Department of Insurance, the regulator and advisor by statute to the pension board. They went through the appropriate channels and then when they decided, again by formal vote, that when the Department of Insurance issued its opinion that they would reconvene and consider that opinion and then issue their own decision. That is precisely what they did at the April 15th meeting. They reviewed the decision of the Department of Insurance which affirmatively stated there is. That is all they did but you had all this action leading up to it. They reviewed the original job description of the chief administrator position. They reviewed the original Department of Insurance letter that says we find this would constitute a reentry and there were no new fire chief being hired. Your organizational chart is unacceptable. This looks too close to the old fire chief position. So they had that knowledge. Then they reviewed what are the changes going to be made going forward and it was hiring the new fire chief, removing any of these even arguable fire protection duties, realigning the organizational chart and a decision was reached. We will resubmit the new job description to the Department of Insurance and we will await their decision and we will discuss it at that point. And when they got the decision back that there was no reentry under the Department of Insurance's view, it was within their discretion and purview to say we will accept that finding. And indeed in the Coleman case, that plaintiff's site. Getting back to earlier, is that enough for an administrative hearing? We believe so. It seems to me that under the administrative review law, you need to have something, some sort of hearing. You said that none of the essentials that we think of with administrative law matter in this case. That there was no formal hearing, there was no examination of witnesses, there was no court reporter. You said none of those really matter. Because they're not required under Illinois law and you have to remember the cases that we've cited in our briefs say you have to have an application for benefits, a decision and a communication of that decision. All of those requirements are satisfied. This is not a case and plaintiffs were actually in attendance at that meeting as well. They recognized the existence of a final administrative decision because they did in fact file a complaint seeking administrative review. They made a procedural error in that complaint and they're seeking to do an end run around it. This is not a case where somebody didn't have proper notice or there wasn't, if this procedure was deficient, if they feel that the board decided incorrectly that there has been a reentry, all these arguments that were raised today that needed to come up through the administrative review channel. That's the problem. I'm not saying that they don't have arguments that could be made, but they can't be made here. They needed to be made in the administrative review channel and they just failed to satisfy the filing requirements of naming the proper defendants. Your position is April 15th, final decision, case closed on Crown Hall as far as the pension board is concerned? Yes, he's getting the payments. The decision has been made. He continues to get the payments. What do we mean about the agendas that came out afterwards that said discuss Crown Hall's pensioner status? It was listed as an item on the agenda, but there was nothing to report. So there was no discussion, nothing further held. It was just listed as an item. The only thing that was the meeting minutes from the April meeting were then approved at the July meeting, but there was no further discussion. And I agree, I think your point is well taken. Perhaps if the record reflected that further arguments were made at that point, that might suggest that the April decision was non-final, but there was nothing further. Further arguments? There were no contemporary arguments? Well, no. We have the April 15 minutes which discuss that this Department of Insurance letter has been presented and there is the vote. We don't, it's not a verbatim transcript, so we don't know if there was any other discussion held at that point, but even, thank you. And isn't that a weakness though? I mean the fact that there was no verbatim transcript because there was in fact no court report. There was nothing to transcribe because there was no hearing. Certainly, it would be nicer if we had that type of record, but it's not required. If you look at the cases we've discussed in Solon Fields, there's no hearing whatsoever. These are decisions that are pieced together from the existing record and the court finds that's enough to have a final administrative decision because really the key is the benefits are being paid. The decision has been made to pay the benefits and I submit that here we're on the record. The tribunal, the pension board says we are going to adopt the findings of the Department of Insurance that there's been no re-entry, that that is sufficient. In the Cloman case, the court ultimately in upholding what the Illinois Municipal Fund Board did in that case, they relied on a hearing that was conducted by a you can adopt. That is reasonable and if you wanted to argue that that wasn't reasonable to adopt the findings of the Department of Insurance with the record that the Department of Insurance had before it, then again that needed to be pursued through administrative review because we submit that the technical, these they're not even technical formalities, just the items that he's cherry-picked are not required to have a final administrative decision. Thank you, your honors. For the other points, we will rest on the items in our brief. Thank you. May it please the court, counsel. Regarding whether this was a final legislative decision that was made, the definition of administrative decision that's subject to review is very broad and there's a reason for that because if an administrative agency makes a decision, sends a letter to a beneficiary and says we've recalculated your benefits or we're cutting you off, you don't want the hurdle to be too high for a beneficiary or another interested party to be able to bring administrative review of the An administrative decision is any decision, order, or determination of any administrative agency rendered that affects the legal rights or privileges and terminates the proceedings. Along that line, and again we go back on subsequent agendas, we have this issue on the agenda and I think even the minutes of the, was it July meeting? Yes, your honor. Nothing on Kronholm, let's see, nothing at this time on Kronholm status. I mean if the case was resolved months ago, that's an unusual entry in minutes, isn't it? Your honor, the plaintiffs had brought the lawsuit against the board in May and it was on, my understanding is that it was on there because of that, because something had come up in between that was significant to the board. They were sued by the plaintiffs in May 2010, at any rate, May before that July meeting and that's the reason it was on there. Again, there's a reason that we don't want to put too many hurdles on review of administrative decisions. So the statute says that there has to be an agency that, decision that affects the legal rights or duties or privileges and terminates the proceedings and what they decided was that they would accept the finding that his hiring as administrator doesn't constitute re-entry and that no action will be taken for repayment or recalculation of the benefits. So that's a decision made. We decided we're not going to take any action, because they had already decided to award him benefits and so they decided we're not going to change our decision. And that was the end of it and they didn't go back and reconsider. And so if the decision is already made and the decision is then made, we're not going to change it, that's a decision also. The courts have been grafted on those three requirements for a decision that it has to require definitive action by the agency and that the applicant be informed. Because you have to inform the applicant, you don't want the 35 days of search run before the applicant is informed. Do you think that the fact that they were notified that a hearing was to take place kind of overrides the field case, the Key West? The Solon, the fields? Yeah, the Solon. And Guerrero? I'm thinking of Key West maybe for other reasons. Well again, those requirements have not been engrafted by the courts. So what the plaintiff wants to add to the requirement of a final decision, really what you need is a final decision that affects somebody's rights and you want the beneficiary to understand when that's happened. I guess what I'm asking is the fact that they noticed a hearing, can they then not have a hearing? And then follow the cases that you're saying. They noticed a hearing in January, they decided to resubmit and to see what the Department of Insurance said. And when they found out what the Department of Insurance said, the beneficiary was present and they decided we're not going to change our mind, we're not going to say you reentered service, and we are not going to recalculate benefits. And so there aren't any cases that say you need to have notice or notice to non-parties. The firefighters were not parties to this decision. So there's certainly no requirement that you would have to give notice to non-parties. And what they also want to add on is that you have a hearing with evidence and a public forum with rational findings and conclusions, and that's not what's required. Because again, what if an agency sends a letter to a beneficiary and says this is our action, you want that person to be able to appeal it regardless of whether they sent notice to non-parties, whether they had a court reporter, whether they had rational decision making or not. So again, there's reason not to put on too many requirements for what's a final decision. Plaintiff relies on the Clonin case, and there that's the rubber stamp decision. And what happened there was they sent that to the IMRF, who enrolled that party into the system. Then after that attorney left, the attorney for the village is not an employee, and so they sent a letter saying you're not entitled to benefits. And the IMRF then held a hearing. The appellate court said that that enrollment wasn't an administrative action. It was simply, my understanding of what they're saying is that it was administrative. And they said because all they did was they rubber stamped it and they enrolled him. But I don't think it's the rubber stamping that's the problem, it's just have we had a decision, have we had action by the agency that affects somebody's rights. And they said that in that case, that enrollment did not constitute administrative action. Here we have a vote, the issue is brought up, they talk about it, they vote on it. What was the context of their discussion? Initially they were concerned because the Department of Insurance said that Cronholm had randered service because his job duties were the same. So then they rewrote the job description, removed any firefighting duties, and resubmitted to the Department of Insurance. And before that meeting, the Department of Insurance wrote back and said, okay, we think this is fine. He has not rendered service. So then Mr. Cronholm was there, he knew he'd be there, the plaintiffs were there, but not because they got notice, they weren't even parties. And the board took a roll call and voted that we are not going to change his benefits, we are not going to recalculate benefits, and we are not going to change our mind that he did not, or we're not going to change our November 1 decision that he had retired. And that's what, that was a decision by the board. Again, not to take action, but a decision not to take action is a decision once it's already been decided that he has benefits. I thought the vote was just to approve the Department of Insurance letter. This is what I have. This is what I say in the brief on page 11. The minutes reflect that motion was made to accept the findings that the board, I mean that the district hiring Cronholm as administrator does not constitute re-entry into active service, as stated in the Department of Insurance letter. Motion made to accept the findings that it's not re-entry. Motion carried by roll call vote. And then they further said, on recommendation of Attorney Reimer regarding any repayment or recalculation, motion was made that no action be taken for repayment or recalculation. Motion. Thank you. Thank you. I'll try not to repeat what I've said before. I'd like to start with the record, common law record, page 1124, where at the April 15, 2010 meeting, what it recites is, on Attorney Reimer's recommendation, motion made, seconded by Keurig to accept. So it wasn't something they were doing independently. They were accepting a recommendation of their counsel. I discussed SOLA and FIELDS. We have a right to do that, don't we? At page 881, 882 of the transcript of the hearing that they had, when they were discussing the fact that the DOI had said it was re-entry, you have the statutory authority to make the decision, that letter is only advisory. Well, so is the second letter. SOLA and FIELDS did not involve an eligibility issue, a fact-based eligibility issue. Has there been a re-entry to service? SOLA and FIELDS both involved benefit calculations. That's all. In the SOLA case, and this is conceded, she wrote a letter in 1993 requesting a cost-of-living benefit added to her survivor's pension. From 1993 forward, every year she received a 3 percent cost of living. There was no record of the original decision to approve it. There was a minute in 1996 specifically approving the 3 percent, and for seven years she got it. So they said, that's a final decision. It was communicated to her. You can't go back. In FIELDS, a village employee, not a pension board employee, miscalculated his pension benefit, increased it by 43 percent, and gave him $8,600 in back benefits to which he was unentitled. Again, it's calculation, not fact-based eligibility. Has he re-entered service? That is why you need a record. No one could determine on the record you have here whether or not he re-entered service. And the Department of Insurance letter on which the board relied says if facts are omitted, it's no longer applicable. We demonstrate in our complaint that facts have to have been omitted for the IMRF to reach the conclusion it did. Again, this whole business about the administrative review law and not following that, and we're being creative because of that, that doesn't change the fact that there is nothing here that constitutes a decision amenable to review by a reviewing court, and I'm sorry. There has to be a notice of the hearing, and the administrative review law requires service of the decision. In FIELDS and SOLA, they were served. They got the letter. Here, he's just present. That's not service. And there's no notice of a hearing, and as you pointed out, if it was finally resolved, and we're here on the papers, if it was finally resolved in April, why in July, nothing at this time? Why not say resolved, concluded, decided? Well, and of course, there was a counsel's response to whether there was a lawsuit. Now there's a lawsuit on file related to that. But that lawsuit is discussed in those minutes right after it, and there's no reference made to it in connection with his status. If you look at the minutes of the July 22nd, it's raised, they go into executive session, they come back and report what they've done to higher lawyers. That's got nothing to do with whether or not they finally decided his reentry. April 15th is more than 35 days from July 22nd. If it was final, the argument in the brief is, well, we had to approve the minutes. Okay. Once you approve the minutes, then it's decided. It's concluded. And if there's nothing to report, then why do you go on in the very next item and go into executive session, pick a lawyer, and come back and report what you're doing? The circuit court decision cannot be sustained applying the 2619 standards. And the case is decided by this court in Sturm and Brand. Thank you for your attention. Thank you, counsel. Thank you all for your arguments here today. I forgot to add at the outset, I'm sorry, Justice Holdridge will, for unavoidable reasons, could not be here. He will be participating in this case, will be listening to the oral argument and participating in the resolution of this case. The matter will be taken under advisement, written disposition, as usual, will be issued, and right now the court will be in session.